# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------X

ROBERT DESADOW and MARIA DESADOW,

                Plaintiff,

- against -

WRD MARCUS AVENUE A LLC, UNISYS CORPORATION, LORAL SPACE & COMMUNICATIONS, INC., LOCKHEED MARTIN, MARCUS AVENUE UNIT ONE NOMINEE, LLC, 1111 MARCUS AVENUE CONDOMINIUM and I. PARK LAKE SUCCESS LLC,

                Defendants.

------------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates Nassau County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
7 Hampton Court
Lake Success, NY 11020

County of NASSAU

**To the abovenamed Defendant(s):**

    **You are hereby summoned** to answer the **complaint** in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  Garden City, New York
        May 4, 2025

                                              _____
                                              JOSEPH G. DELL
                                              DELL & DEAN, PLLC
                                              *Attorneys for Plaintiffs*
                                              1225 Franklin Avenue, Suite 360
                                              Garden City, New York 11530
                                              (516) 880-9700
                                              File No. 6654

    TO:    WRD MARCUS AVENUE A LLC – *Via Secretary of State*
                 Neal S. Shalom
                 322 Reservoir Street
                 Needham, Massachusetts 02494

WRD MARCUS AVENUE A LLC
322 Reservoir Street
Needham, Massachusetts 02494

UNISYS CORPORATION
55 Broad Street, 13th
Floor New York, New
York 10004

UNISYS CORPORATION
801 Lakeview Drive
Blue Bell, Pennsylvania 19422

LORAL SPACE & COMMUNICATIONS, INC.
600 5th Avenue, 16th
Floor New York, New
York 10020

LOCKHEED MARTIN
55 Charles Lindbergh
Boulevard Uniondale,
New York 11553

MARCUS AVENUE UNIT ONE NOMINEE, LLC – *Via Secretary of State*
CT Corporation
System 28
Liberty Street
New York, New York 10005

1111 MARCUS AVENUE CONDOMINIUM
365 Lakeville Road
Great Neck, New York 11020

I. PARK LAKE SUCCESS LLC
1111 Marcus Avenue,
Suite M23 New Hyde
Park, New York 11042

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------X
ROBERT DESADOW and MARIA DESADOW,

      Plaintiffs,

    - against -


WRD MARCUS AVENUE A LLC, UNISYS
CORPORATION, LORAL SPACE &
COMMUNICATIONS, INC., LOCKHEED MARTIN,
MARCUS AVENUE UNIT ONE NOMINEE, LLC, 1111
MARCUS AVENUE CONDOMINIUM and I. PARK
LAKE SUCCESS LLC,

      Defendants.

-----------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

  Plaintiff, by his attorneys, **DELL & DEAN, PLLC**, complaining of the Defendants, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF ROBERT DESADOW

1. At all times herein mentioned, Plaintiff **ROBERT DESADOW** was and still is a resident of the County of Nassau, State of New York.

2. At all times herein mentioned, Plaintiff **MARIA DESADOW** was and still is a resident of the County of Nassau, State of New York.

2. At all times mentioned herein, and upon information and belief, Defendant, **WRD MARCUS AVENUE A LLC** is a foreign limited liability company authorized to conduct business in the State of New York.

3. At all times mentioned herein, and upon information and belief, Defendant, **WRD MARCUS AVENUE A LLC** is a foreign limited liability company conducting business in the State of New York.

4. At all times mentioned herein, and upon information and belief, Defendant, **UNISYS CORPORATION** is a domestic company or other legally formed entity authorized to conduct business in the State of New York.

5. At all times mentioned herein, and upon information and belief, Defendant, **UNISYS CORPORATION** is a domestic company or other legally formed entity conducting business in the State of New York.

6. At all times mentioned herein, and upon information and belief, Defendant, **LORAL SPACE & COMMUNICATIONS, INC.** is a domestic company or other legally formed entity authorized to conduct business in the State of New York.

7. At all times mentioned herein, and upon information and belief, Defendant, **LORAL SPACE & COMMUNICATIONS, INC.** is a domestic company or other legally formed entity conducting business in the State of New York.

8. At all times mentioned herein, and upon information and belief, Defendant, **LOCKHEED MARTIN** is a domestic company or other legally formed entity authorized to conduct business in the State of New York.

9. At all times mentioned herein, and upon information and belief, Defendant, **LOCKHEED MARTIN** is a domestic company or other legally formed entity conducting business in the State of New York.

10. At all times mentioned herein, and upon information and belief, Defendant, **MARCUS AVENUE UNIT ONE NOMINEE, LLC** is a foreign limited liability company authorized to conduct business in the State of New York.

11. At all times mentioned herein, and upon information and belief, Defendant, **MARCUS AVENUE UNIT ONE NOMINEE, LLC** is a foreign limited liability company conducting business in the State of New York.

12. At all times mentioned herein, and upon information and belief, Defendant, **1111 MARCUS AVENUE CONDOMINIUM** is a domestic company or other legally formed entity authorized to conduct business in the State of New York.

13. At all times mentioned herein, and upon information and belief, Defendant, **1111 MARCUS AVENUE CONDOMINIUM** is a domestic company or other legally formed entity conducting business in the State of New York.

14. At all times mentioned herein, and upon information and belief, Defendant, **I. PARK LAKE SUCCESS LLC** is a domestic company or other legally formed entity authorized to conduct business in the State of New York.

15. At all times mentioned herein, and upon information and belief, Defendant, **I. PARK LAKE SUCCESS LLC** is a domestic company or other legally formed entity conducting business in the State of New York.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

16. Upon information and belief, in 1996 Lockheed Martin acquired Loral Defense Electronics and Systems Integration, which included the former Unisys Corporation site at 1111 Marcus Avenue in the Village of Lake Success, New York.

17. Upon information and belief, the site straddles the border between the Village of Lake Success and the Town of North Hempstead, New York.

18. Upon information and belief, the site comprises approximately 90 acres and includes one main building and several smaller buildings to the south of the main building.

19. Upon information and belief, Lockheed Martin discontinued its operations on the property in 1998 and sold the property in 2000.

20. Upon information and belief, the site is now operated as a commercial property with various tenants.

21. Upon information and belief, Lockheed Martin remains responsible for the environmental cleanup of the site located at 1111 Marcus Avenue in the Village of Lake Success, New York.

22. Between 1978 and 2012, a series of studies identified a number of environmental contaminants of concern present at the site in the groundwater, soil, soil vapor and sediments, and in groundwater off-site.

23. Upon information and belief, an area of contaminated groundwater, known as a plume, originates at the site and spreads out under approximately 1.5 square miles, extending north/northwest from the site.

24. Upon information and belief, the primary contaminants of concern in the groundwater were industrial solvents such as trichloroethylene ("TCE"), tetrachloroethene ("PCE"); 1,2-dchloroethene ("1,2-DCE), and Freon 113 in the groundwater.

25. Upon information and belief, the contaminants of concern in soil and sediments included metals, principally copper, barium and cadmium, and semi-volatile organic compounds (SVOCs), principally polycyclic aromatic hydrocarbons (PAHs).

26. This is an action brought by and on behalf of Plaintiff arising out of the prior and continuing

release, discharge, and deposit of toxic and hazardous substances and contaminants into Plaintiff's neighborhood and onto Plaintiff's property and persons, including but not industrial solvents such as trichloroethylene ("TCE"), tetrachloroethene ("PCE"); 1,2-dchloroethene ("1,2-DCE), and Freon 113 in the groundwater and metals, principally copper, barium and cadmium, and semi-volatile organic compounds (SVOCs), principally polycyclic aromatic hydrocarbons (PAHs) in the soil and sediments.

27. Upon information and belief, many of these contaminants are typically utilized as cleaning solvents.

28. Due to the negligent, willful, and/or wanton actions of the Defendants, an unknown quantity of toxic chemicals, toxic contaminants and industrial solvents, including but not limited to trichloroethylene ("TCE"), tetrachloroethene ("PCE"); 1,2-dchloroethene ("1,2-DCE), and Freon 113 in the groundwater and metals, principally copper, barium and cadmium, and semi-volatile organic compounds (SVOCs), principally polycyclic aromatic hydrocarbons (PAHs) in the soil and sediments (the "Contaminants") have been spilled at the site and created a massive migrating plume of contaminants causing Plaintiffs to be exposed to hazardous toxic substances, contaminants, and pollutants from the above-mentioned sites via ingestion, inhalation, and or/dermal contact, during normal day activities such as walking in the neighborhood, gardening and doing yard work, playing in their yards, as well as living in their home causing serious and severe personal injuries.

29. Upon information and belief, the remediation plans, if any, set forth by Defendants were and still remain inadequate and insufficient given the breadth of the contamination, as well as the present and historical migration of the harmful contaminants. Defendants have repeatedly failed

to exercise the reasonable care necessary to eliminate, correct, and/or remedy the dangerous condition created by them and/or located upon their land.

30. Further, Defendants have delayed and repeatedly chosen meaningless courses of action, patently inadequate and unreasonable given the dire circumstances facing Plaintiffs. Despite the length of time where contamination from Defendants' property was discovered, Defendants have been unable to remediate or stop the plume presently injuring Plaintiffs. The actions chosen and taken by Defendants were with knowledge that such delay and minimal action would cause the toxic contaminants to disburse and migrate off the site and onto Plaintiffs' land and property. These actions have been undertaken with actual malice and in wanton and willful and/or reckless disregard for Plaintiffs' rights, health, and property.

31. Upon information and belief, as a result of Defendants' negligent, willful, and/or wanton storage, disposal, and release of the contaminants into the soil and/or groundwater, and/or the subsequent and continuing failure to remediate or take reasonable action to mitigate the release and migration of said substances, there is a contamination located in or about various areas and neighborhoods of Lake Success, as well as surrounding communities, which has migrated and continues to migrate throughout these areas and neighborhoods and near/onto the property of Plaintiffs at dangerous levels, including at concentration levels. In addition, Defendants' failure to properly investigate, test and remediate the hazardous and toxic substances on their own real properties continues to allow dangerous chemicals to migrate.

32. Upon information and belief, the presence of the contaminants in Plaintiffs' environment and on Plaintiffs' properties has resulted in permanent and continuing harm to Plaintiffs' persons and property.

33. Further, and upon information and belief, as the contaminants age and decompose, they create

toxic byproducts and/or release noxious gases, fumes, and odors. Such harmful by-products rising through the soil become trapped under foundations, streets, and driveways and create a real and foreseeable risk of exposures to deadly toxins and odors.

34. Due to the Defendants' negligent handling of hazardous and toxic chemicals at the site, Defendants' failure to avoid spilling, unsafe disposal, and/or release of said toxic substances into the environment, failure to adequately warn Plaintiffs of the condition damaging their properties, and failure to act reasonably in eliminating, correcting, and/or remediating the condition, Defendants, and each of them, are obligated to institute reasonable care and compensation plans to halt, prevent and correct injuries to all Plaintiffs, their physical and mental well-being.

35. Due to their proximity to the Site, Plaintiffs would be, and are foreseeably and unnecessarily injured by the discharge of Defendants' contaminants, failure to warn, and failure to exercise reasonable care to eliminate, correct, and/or remediate the dangerous condition created and maintained by Defendants on and around the site.

36. Defendants knowingly and negligently released or allowed to be released toxic contaminants into the environment, and/or continue to allow the migration of toxic chemicals into the environment on and around Plaintiffs' property.

37. Upon information and belief, Plaintiffs have been and continue to be exposed to these toxic contaminants by ingestion, inhalation, and dermal exposure.

38. Plaintiffs herein have been and continue to be exposed to these toxic contaminants through dust dispersing through the air into Plaintiffs properties and surrounding communities; through migration of the contaminants into the water table and groundwater which percolates up through the soil, into the soil, and the environment and ultimately into the Plaintiffs' home through the vapor intrusion pathway.

39. In addition, and upon information and belief, Plaintiffs have been repeatedly exposed to these toxic contaminants through contact with the air and soil at their home.

40. The Defendants intentionally and/or negligently failed to adequately warn or advise Plaintiffs and other members of the public as to the nature, extent, composition, effects, and location of the contamination, the fact that Plaintiffs and their property were being exposed to the contamination, the nature of the contaminants and risks could change over time, and that exposure to the contamination could likely cause life threatening and permanent adverse health effects.

41. The numerous egregious actions and incidents occurring at and near the site by Defendants constitute an intentional and/or negligent breach of their duty of reasonable care.

42. Due to the negligent and/or intentional acts of each of the Defendants, Plaintiffs have suffered and continue to suffer from damage to the air, water and subterranean soils around the site.

43. In order to compensate Plaintiffs for damages suffered due to Defendants' acts, each Plaintiff requires, among other things, that Defendants, and each of them, pay the past and future costs of obtaining necessary medical care, toxicological examinations and diagnoses, and any other medical monitoring necessary in order to ascertain and treat the nature and extent of the injuries suffered due to the contamination emanated from the plume, with Plaintiffs.

44. Plaintiffs have resided in Lake Success, New York for approximately two (2) decades. Their property is located on/adjacent to the plume emanating from 1111 Marcus Avenue in the Village of Lake Success.

45. As a result of Defendants' negligence in the processing, distribution, transporting, storing, handling and/or disposing of hazardous substances into the area surrounding their home, Plaintiffs have developed significant debilitating personal injuries. As a result of Defendants' reckless, negligent, and grossly negligent conduct, Mr. DeSadow has suffered and continues to suffer severe

physical injury, pain, and suffering. Mr. DeSadow brings suit against each Defendant named herein for each cause of action listed herein and seeks general damages directly and foreseeably resulting from Defendants' actions, consequential damages, and exemplary or punitive damages as allowed by law and in an amount to be proved at trial.

46. As a result of Defendants' negligence in the processing, distribution, transporting, storing, handling and/or disposing of hazardous substances into the area surrounding their home, Plaintiffs have developed significant debilitating personal injuries. As a result of Defendants' reckless, negligent, and grossly negligent conduct, Mrs. DeSadow has suffered and continues to suffer severe physical injury, pain, and suffering. Mrs. DeSadow brings suit against each Defendant named herein for each cause of action listed herein and seeks general damages directly and foreseeably resulting from Defendants' actions, consequential damages, and exemplary or punitive damages as allowed by law and in an amount to be proved at trial.

## AS AND FOR A SECOND CAUSE OF ACTION – NEGLIGENCE

47. Plaintiffs re-allege and reaffirm each and every allegation set forth in all preceding paragraphs as if fully restated herein.

48. Negligence may exist both as an omission as well as an affirmative act.[1] A cause sounding in negligence allows for the recovery for an injury that was proximately caused by another's violation of a duty of reasonable care.[2]

---

[1] See, e.g., *Zellar v. Tompkins Community Hospital*, 508 N.Y.S.2d 84 (3d Dep't 1986) (failure of hospital to adopt adequate staffing program stated a cause of action for negligence); *Burgundy Basin Inn, Ltd. v. Watkins Glen Grand Prix Corp.*, 379 N.Y.S.2d 873 (4th Dep't 1976) (event organizer's failure to provide adequate security and crowd control stated a cause of action for negligence).
[2] Am Jur. 2d, Negligence § 1

49. Defendants, as owners and operators of business(es) at the site that managed, stored, used and disposed of toxic contaminants and solvents, owed Plaintiffs a cognizable duty to exercise reasonable care in the storage, transportation, and disposal of toxic chemicals including but not limited to the Contaminants.

50. Defendants breached their duty of reasonable care which a reasonably prudent person should use under the circumstances by negligently storing, transporting, disposing of, or otherwise causing the release into the ground toxic chemicals, the Contaminants, and negligently permitting their release into the soil and groundwater in and around the site and in the vicinity of Plaintiffs' property.

51. Upon information and belief, the release of the Contaminants into the soil and groundwater is the proximate and legal cause of the injuries suffered by the Plaintiffs their health and well being, including, but not limited to cancer.

52. Upon learning of the release of the Contaminants, Defendants owed Plaintiffs a duty to timely notify Plaintiffs that the aforementioned spills in the vicinity of Defendants' operations at the site had occurred.

53. Upon information and belief, Defendants breached that duty by failing to timely notify the Plaintiffs of the spills of the Contaminants at the site, and, consequently, in the vicinity of Plaintiffs' home.

54. Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn of the release of the contaminants and the dangers to the Plaintiffs.

55. Defendants breached this duty by failing to adequately warn the Plaintiffs of the release of the contaminants and the potential dangers and harms that could result.

56. As a result of Defendants' breaches of their duty to warn the Plaintiffs the release of the contaminants and the potential dangers and harms that could result, the Defendants' actions and omissions are the proximate and legal cause of the injuries suffered by the Plaintiffs to their health and well being.

57. Defendants further had a duty to the Plaintiffs upon learning of the release of the contaminants to act reasonably to remediate, contain, and eliminate the spill before it injured Plaintiffs.

58. As a result of Defendants' breaches of their duty to Plaintiffs by failing to act reasonably to remediate, contain, and eliminate the spill, the Defendants' actions and omissions are the proximate and legal cause of the injuries suffered by the Plaintiffs to their health and well being.

59. Upon information and belief, Defendants had a legal duty to properly remediate the contamination from their activities at the site and had full knowledge of the extent of the contamination and the threat it poses to human health and safety.

60. Upon information and belief, Defendants willfully and wantonly breached their legal duty to properly remediate the contamination despite full knowledge of the extent of the contamination and the threat it poses to human health and safety.

61. As a result of Defendants' breaches of their legal duty to properly remediate the contamination despite full knowledge of the extent of the contamination and the threat it poses to human health and safety., they are the proximate and legal cause of the injuries suffered by the Plaintiffs.

62. Plaintiffs suffered foreseeable injuries and damages as a proximate result of said Defendants' negligent breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities

of danger to Plaintiffs so apparent as to entitle Plaintiffs to be protected against such actions or inactions.

63. Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from the their injuries in a sufficient amount to compensate them for the injuries and losses sustained, including, but not limited to consequential damages for medical monitoring, injuries to the Plaintiffs of Defendants conduct in an amount to be proved at trial. Upon information and belief such amount exceeds the jurisdictional amount of the lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION – STRICT LIABILITY

64. Plaintiffs re-allege and reaffirm each and every allegation set forth in all preceding paragraphs as if fully restated herein.

65. Activities such as the disposal of hazardous chemical wastes as is the case herein constitutes an abnormally dangerous activity for which strict liability will apply.

66. Defendants' aforesaid failure to employ reasonable care which a reasonably prudent person should use under the circumstances by storing, transporting, disposing of, or otherwise releasing into the ground dangerous contaminations, including but not limited to trichloroethylene ("TCE"), tetrachloroethene ("PCE"); 1,2-dchloroethene ("1,2-DCE), and Freon 113 in the groundwater and metals, principally copper, barium and cadmium, and semi-volatile organic compounds (SVOCs), principally polycyclic aromatic hydrocarbons (PAHs) in the soil and sediments constitutes ultra-hazardous and abnormally dangerous activities involving ultra- hazardous, abnormally dangerous substances.

67. Defendants allowed or caused these ultra-hazardous and abnormally dangerous substances to leak into the surrounding land and ground water, and in doing so, failed to warn Plaintiffs of the

dangerous condition that was caused thereby.

68. The risks posed by such activities outweigh any value associated with the same.

69. As the result of said ultra-hazardous and abnormally dangerous activities, Plaintiffs have suffered damages and imminent, substantial and impending harm to their health and their families. Plaintiffs have expended or will be forced to expend significant resources to safeguard their health, obtaining monitoring, testing, as well as health monitoring, indefinitely for years and decades into the future.

70. By reason of the foregoing, Defendants are strictly liable in tort for the damages sustained by Plaintiffs.

71. Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from the their injuries in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including, but not limited to consequential damages for medical monitoring and injuries to their persons, which are the natural and proximate result of Defendants conduct in an amount to be proved at trial. Upon information and belief such amount exceeds the jurisdictional amount of the lower courts.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Garden City, New York
May 4, 2025

Yours, etc.

_____
JOSEPH G. DELL
DELL & DEAN, PLLC
*Attorneys for Plaintiff*
1225 Franklin Avenue, Suite 360
Garden City, New York 11530
(516) 880-9700

VERIFICATION

STATE OF New York )
                  ) ss.:
COUNTY OF Nassau  )

I, Robert DeSadow being duly sworn, deposes and says:

I am the plaintiff in the within action;

I have read the following Summons + Complaint and believe the same to be true to my knowledge; the same is true to my knowledge except as to those matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

X _____

Sworn to before me this
4th day of May, 2025

_Donna M. Parent_
Notary Public

DONNA M PARENT
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PA5008225
Qualified in Suffolk County
My Commission Expires 02-16-2027